**Esther LEE, Plaintiff–Appellant,**

v.

**AMERICAN INTERNATIONAL GROUP, INC., AIG Global Investment Corp., AIG Global Real Estate Investment Corp., and Pine Street Real Estate Holdings Corp., Defendants–Appellees.**

Docket No. 01-7354.

United States Court of Appeals, Second Circuit.

April 3, 2002.

Christine A. Palmieri, Liddle & Robinson, L.L.P., Jeffrey L. Liddle, Laurence S. Moy, Michael E. Grenert, on the brief, New York, NY, for Appellant.

James Oh, Connelly Sheehan Moran, Kristine Aubin, on the brief, Chicago, IL, Marc E. Bernstein, on the brief, New York, NY, for Appellees.

Present McLAUGHLIN, LEVAL, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED in part, VACATED in part and REMANDED.

Plaintiff Esther Lee appeals grant of summary judgment, dismissing her employment discrimination action against her employer American International Group, Inc. ("AIG"). Plaintiff brought the suit under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), New York State Human Rights Law, N.Y. Exec. Law § 296, and New York City Human Rights Law, N.Y.C. Admin. Code § 8–107, alleging discrimination based on race, sex and age.

Where a plaintiff has successfully met the minimal requirements of a prima facie case, and the defendant has proffered a nondiscriminatory reason for the adverse action, plaintiff can overcome the defendant's motion for summary judgment merely by pointing to evidence in the record from which the factfinder could reasonably find the prohibited discrimination. Evidence indicating that the defendant's explanation was false may contribute to the likelihood that the true reason for the defendant's action was discrimination. But the falsity of the defendant's explanation does not necessarily defeat the defendant's motion for summary judgment. The test calls for a practical examination of the evidence and a determination whether that evidence, taken in the light most favorable to plaintiff, can support a reasonable finding that the employer's action was motivated by discrimination. *Reeves v. Sanderson Plumbing Prod., Inc.,* 530 U.S. 133, 141–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506–08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Texas Dep't of Community Affairs v. Burdine,* 450

U.S. 248, 252–56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Fisher v. Vassar College*, 114 F.3d 1332, 1334–40 (2d Cir.1997) (in banc); *Schnabel v. Abramson*, 232 F.3d 83, 86–91 (2d Cir.2000); *James v. New York Racing Assoc.*, 233 F.3d 149, 156–57 (2d Cir.2000).

The district court, in all but one respect discussed below, correctly applied this test. Although plaintiff's claim was not entirely devoid of supporting evidence, we agree with the district court that the evidence, evaluated in the light most favorable to plaintiff, was insufficient to support the conclusion that the employer acted out of race or sex based animus.

In one respect, we disagree with the district court's analysis. Plaintiff asserted in her affidavit that AIG Vice–President Connie B. Miller discouraged her from applying for a position in another department, stating that competing applicants to that department "were younger and more sophisticated." Miller submitted an affidavit denying this. The district court discounted plaintiff's evidence on this matter, calling it "conclusory," "without support in the record" and "expressly denied by Miller." On defendant's motion for summary judgment, the evidence must be evaluated in the light most favorable to plaintiff. Accordingly, the district court was required to credit plaintiff's testimony that Miller said this to her. The fact that plaintiff had no corroboration and that Miller denied it were of no significance on defendant's motion for summary judgment. And we do not know what the court meant in saying that plaintiff's affidavit was "conclusory." Plaintiff testified that Miller told her in substance that other applicants would be preferred because they "were younger"; this was competent evidence, and she was entitled to have it credited by the court in ruling on the motion.

In addition, in an interrogatory answer, the defendant identified Miller as a person who was "involved" in the adverse employment decisions affecting plaintiff. We believe that this evidence, together with plaintiff's assertion about Miller's statement concerning younger applicants, requires a remand for reconsideration with respect to plaintiff's claim of age discrimination. If Miller contributed to the making of the adverse employment decisions, a factfinder could find, based on her comment about younger applicants, that the decisions were affected by age bias. We must therefore vacate the judgment and remand the age discrimination claim.

It is not clear, however, whether Miller had any role in the *making* of those decisions. Defendant's interrogatory answer conceded that Miller was "involved" in those decisions, but that is ambiguous. It is clear she was involved in carrying out the decisions. It is not clear whether she was involved in making them. If Miller had no role in making the decision adverse to plaintiff, her prediction that younger applicants might be preferred would not support a finding that the company had discriminated on the basis of age. On remand, the district court should reconsider the issue and consider whether to receive further evidence to determine whether there is a material issue of fact as to whether Miller participated in the making of the adverse employment decisions. In any event, because Miller's alleged statement related only to age and not to sex or race, our remand affects only the claim of age discrimination.

We agree with the district court that the evidence, taken in the light most favorable to plaintiff, cannot support a reasonable finding that her employer was motivated by race or sex bias. We therefore affirm the judgment insofar as it dismissed plaintiff's claim of discrimination based on race

and sex. We remand, however, in light of the discussion above, for reconsideration of the grant of summary judgment of the claim of age bias.